CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
1/11/2023
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| HENRY A. HENDERSON,<br>            *Plaintiff,*<br><br>v.<br><br>UNITED STATES,<br>            *Defendants.* | CASE NO. 6:22-cv-65<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion to Dismiss, which Defendant filed pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 7. The matter concerns a motor vehicle accident in Bedford, Virginia on November 16, 2020, between Plaintiff Henry Henderson and Esther Hall, an employee of the U.S. Postal Service. Plaintiff initially filed a Warrant in Debt in General District Court in Lynchburg on August 26, 2022, seeking $50,000.00 in damages from Esther Hall. At the time of the accident, Ms. Hall was acting within the scope of her employment as a rural postal carrier. Accordingly, the United States removed this matter to federal court and substituted the United States for Ms. Hall as the proper party. *See* Dkts. 1, 4. Because of the United States' sovereign immunity, the Court lacks subject matter jurisdiction and Plaintiff's suit must be dismissed.

### I.      **Legal Standard**

When a party attacks the subject matter jurisdiction of the court under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court generally must first determine that it has jurisdiction as a threshold matter. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422,

431–32 (2007) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998)). A plaintiff "has the burden of proving that subject matter jurisdiction exists." *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Where, as here, a defendant challenges the sufficiency of a plaintiff's allegations to establish subject matter jurisdiction, the court must accept the truth of the plaintiff's allegations at this stage, but still, it is the plaintiff's burden to establish that the allegations are sufficient to support subject matter jurisdiction. *See, e.g.*, *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (internal citation omitted). The moving party's motion to dismiss should be granted when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*. (internal citation omitted).

## II.    Analysis

The United States is immune from liability absent its consent, "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). And a waiver of sovereign immunity "must be unequivocally expressed." *Id.* (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Without a waiver, sovereign immunity bars a suit for the Federal Government and its agents. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing

*Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Federal Housing Admin. v. Burr*, 309 U.S. 242, 244 (1940)).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.*, provides for a limited waiver of sovereign immunity in certain cases. Under 28 U.S.C. § 2675(a),

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been denied by the agency in writing and sent by certified or registered mail.

The 28 U.S.C. § 2675(a) requirement is "jurisdictional and may not be waived." *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)); *see also Xiteng Liu v. U.S. Citizenship & Immigr. Servs.*, 317 F. App'x 361, 362 (4th Cir. 2009) (unpublished). And 28 C.F.R. § 14.2(a) dictates that a claimant must bring his claim to the appropriate Federal agency via "an executed Standard Form 95 [("SF-95")] or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death."

But Plaintiff failed to present his claim to the United States Postal Service prior to instituting suit in the Lynchburg City General District Court. Plaintiff never filed an SF-95, nor did he present his claim to the United States Postal Service in any other manner prior to filing suit. Dkt. 7 (Ex. A).

Thus, the requirements of 28 U.S.C. § 2675(a) have not been met, and the Court lacks subject matter jurisdiction over Plaintiff's claim.

## V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter

jurisdiction will be granted.

\* \* \* \*

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this  11th  day of January, 2023.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE